IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO DISTRICT
EASTERN DIVISION

**RUIE H.,**

    **Plaintiff,**

v.

    Case No. 2:20-cv-4356
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's Objection (Doc. 21) to the Report and Recommendation of the Magistrate Judge proposing that the Commissioner's denial of benefits be affirmed (Doc. 20), and the Commissioner's Response to Plaintiff's Objection (Doc. 22). For the reasons that follow, the Court **SUSTAINS** the Objection and **REMANDS** this case for further consideration not inconsistent with this opinion.

### I.

In Plaintiff's Objection, she argues that the Administrative Law Judge ("ALJ") did not evaluate a relevant medical opinion for its supportability and consistency, as is required by 20 C.F.R. § 404.1520c. Specifically, Plaintiff submitted new evidence regarding her impairments during the almost-four-year period subsequent to a prior 2015 decision finding her not disabled. Relevant here, she submitted treatment records from New Horizons Mental Health Services, where she received mental health treatment from 2014 through 2019, primarily from Shelly Brown, Certified Nurse Practitioner ("CNP").  Ms. Brown indicated in November 2017 that she had seen Plaintiff on 40 occasions in the 43 months spanning from February 2014 to November 2017.  (Tr. 325-6.)  The ALJ found Ms. Brown's opinions to be unpersuasive.

II.

The standards by which this Court reviews a decision of the Commissioner are well set forth in the law. A district court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2007) (quoting *Rogers v. Comm'r Soc. Sec.*, 486 F 3d 234, 241 (6th Cir. 2007)). Even if the decision is supported by substantial evidence, "a decision of the Commissioner will not be upheld where [the Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives a claimant of a substantial right." *Bowen v. Comm'r Soc. Sec.*, 478 F. 3d 742, 746 (6th Cir. 2007).

III.

In November of 2017, CNP Brown completed a mental health status questionnaire for the claimant. (Tr. 325.) The ALJ provided the following discussion of Ms. Brown's opinions:

> The undersigned has considered the opinion of nurse Shelly Brown. In November 2017, she completed a form indicating the claimant could not manage her benefits. In response to a question asking her to please describe the claimant's ability to remember, understand, and follow directions, Ms. Brown responded with "no— shows limited ability to remember, understand, or follow directions". With maintaining attention, she responded "no—cannot maintain attention". She indicated the claimant "cannot sustain concentration complete tasks". She indicated the claimant isolated herself from others and could not adapt easily due to critical thinking problems. She indicated the claimant was unable to react well to work pressures. (Exhibit B1F, pages 3-4).
>
> Nurse Brown did have a long treatment relationship with the claimant on which to base her opinion. However, this degree of limitation is not consistent with the mental status examinations in the record. Additionally, her opinions are fairly vague and conclusory. For instance, she indicated the claimant had limited ability to remember, understand, or follow directions, but did not explain to what degree those limitations were. Other limitations she gave were extreme. For instance, her indication that the claimant "cannot sustain concentration complete tasks" would imply the claimant is completely incapable of performing any task at all. Such extreme limitations is not supported by the record and is contrary to the claimant's activities of daily living and her ability to drive. While the record did support concentration deficits, she was certainly not incapable of completing any task. For

>> these reasons, this opinion is not persuasive.
>
> (R. 33–34.)

(Report & Recommendation at 13, ECF No. 20.)

> In her Objection, Plaintiff argues:
>
> The ALJ's evaluation does not comport with the practice of evaluation that 20 C.F.R. § 404.1520c sets forth. The ALJ did not evaluate Ms. Brown's opinions for their supportability and consistency as required by the regulation. Where an ALJ evaluates a medical opinion for their supportability and consistency, that ALJ is evaluating the relevancy of the opinion compared to other medical opinions in the record, as well as how consistent the opinions are with other medical opinions here. The ALJ does attempt to explain why Ms. Brown's opinions were not found to be persuasive, but this falls short of what the regulation requires.

(Objection at 3, ECF No. 21.)

The Court finds that, although this is a close call, it agrees with Plaintiff. In this Court's consideration of the ALJ's extensive and well written opinion, she reviews CNP Brown's 2017 medical assessment and concludes that it is not consistent with or supported by the record; however, there is insufficient detail for a comparison to determine how she came to these conclusions. For example, the ALJ, as set forth above, stated that Ms. Brown's finding is unpersuasive because it is "extreme" in that she stated that the claimant was "completely incapable of performing any task at all." (R. 33–34.) CNP Brown, however, did not state that the claimant was completely incapable of performing any task at all. Instead, Ms. Brown stated that the claimant "cannot sustain concentration complete tasks," which the ALJ assessed to "imply the claimant is completely incapable of performing any task at all." The ALJ does not explain how she reached this conclusion from the records before her.

While it is true that this Court must look at the ALJ's opinion as a whole, *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014), the regulations require a comparison of Ms. Brown's responses on the November 2017 form with the other medical providers and Ms.

3

Brown's own medical treatment/assessment records upon which the ALJ relied to come to the conclusions quoted above.  That comparison would provide this Court with the ability to review why the ALJ concluded the assessment of a long-time medical treatment provider was not supported by nor consistent with the other medical records, including years of CNP's own medical assessments of the claimant.

## IV.

Based upon the foregoing, the Objection (ECF No. 21) is **SUSTAINED,** and this case is **REMANDED** to the Commissioner for a reevaluation of medical evidence in this case in a manner not inconsistent with this decision.

**IT IS SO ORDERED.**

**Date:  3/29/2022**                                         <u>s/Edmund A. Sargus, Jr.         </u>
                                                             **EDMUND A. SARGUS, JR., JUDGE**
                                                             **UNITED STATES DISTRICT COURT**